IN THE U.S. DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION
DAYTON, OHIO

**MELSON BACOS, Administrator of the Estate of Heather Nicole Bacos, deceased**
4429 West Central Ave.
Franklin, WI 53132

**MELSON BACOS, Individually and on behalf of the minor children, A.B. and J.B.**
4429 West Central Ave.
Franklin, WI 53132

        **Plaintiffs,**

-vs-

**GARY J. CONNER, M.D.**
6101 Blendon Chase Dr.
Westerville, OH 43081

**ANINDITA RAY, M.D.**
4351 South A Street
Richmond, IN 47374

**DEPARTMENT OF VETERANS AFFAIRS MEDICAL CENTER**
4100 West Third Street
Dayton, OH 45428,

        **Defendants.**

CASE NO. 3:14-cv-00311

### VERIFIED COMPLAINT WITH JURY DEMAND ENDORSED HEREON

### JURISDICTION, VENUE AND THE PARTIES

1. This is an action for damages under a claim in tort under Federal Tort Claim Act ("FTCA"), 28 USC §1346(b)(1) and 28 USC §§2671-2680 caused by employees of the United States Department of Veteran Affairs.

## JURISDICTION AND VENUE

2.     Jurisdiction of this court is invoked pursuant to 28 U.S.C. §1346(b)(1).  This court has supplemental jurisdiction over plaintiffs' state claims under 28 U.S.C. §1367.

## THE PARTIES

3.     Plaintiffs Melson Bacos, Administrator, Melson Bacos, individually, and minor children A.B. and J.B., are and were at all times hereinafter mentioned, domiciled in and citizens of the State of Indiana, County of Wayne.

4.     The Defendant Gary Conner, M.D., is and was at all times hereinafter mentioned, a licensed medical doctor by the State of Ohio, who performed services at all times relevant in the County of Montgomery, State of Ohio.

5.     The Defendant Anindita Ray, M.D. is and was at all times hereinafter mentioned, a licensed medical doctor by the State of Ohio, who performed services at all times relevant in the County of Montgomery, State of Ohio.

6.     Defendant Department Of Veterans Affairs Medical Center (hereinafter referred to as "VA Medical Center"), is and at all times hereinafter mentioned, a clinic set up to help veterans seeking treatment for their health in the State of Ohio, County of Montgomery, located at 4100 West Third Street, Dayton, Ohio 45428.

7.     The cause of action arose, in part, at the business locations of 4100 West Third Street, Montgomery County, Dayton, Ohio, 45428, and at other unknown locations within the State of Ohio.

## FIRST COUNT

8. The Plaintiff, Melson Bacos, is the duly appointed and acting administrator of the estate of his deceased wife, Heather Nicole Bacos. The decedent died in the City of Dayton, County of Montgomery, at the age of 27. The plaintiff, as the personal representative of the decedent, brings this action for wrongful death for the exclusive benefit of decedent's next of kin.

9. At all times complained of, the Defendant Gary Conner, M.D., was a physician licensed to practice medicine in the State of Ohio, was practicing medicine in Montgomery County, Ohio, and was acting individually and/or as an employee, agent, and/or servant of the Defendant Department Veteran Affairs Medical Center at Dayton, Ohio.

10. During October, 2010 and early November 2010, Decedent presented herself to Defendant Gary Conner, M.D. at Defendant Department of Veteran Affairs Medical Center at Dayton, Ohio complaining about low abdominal pain that had been ongoing for a period of two weeks for which she was treated for pelvic inflammatory disease.

11. On November 12, 2010, Decedent presented herself again to Defendant Conner at Defendant Department of Veteran Affairs Medical Center with complaints of low back pain; she was treated with pain medication.

12. It was known by the Defendants that the Decedent suffered from low backpain, chronic back pain, kyphosis and menorrhagia.

13. On November 13, 2010, Defendant Conner referred Decedent to a surgeon for her pattern of pain; said surgeon found pain in the suprapubic region which was treated for pain with no improvement, but found cervical motion tenderness; she was referred for a gynecology follow-up.

14. On November 19, 2010, Decedent Bacos was seen by Dr. Anindita Ray at the Defendant Department of Veteran Affairs Medical Center whereupon she was complaining of shooting pains in the lower abdomen. The diagnosis continued to be PID, which was contrary to her physical signs including no vaginal discharge, no vaginal bleeding and her blood work and cultures were all negative; although it was noted that she was taking higher doses of Percocet with no relief from pain. The diagnosis at this time included an intrapelvic abscess.

15. On November 22, 2010, an ultrasound was ordered by a resident, Dr. Tabone, which he reported "Large solid mass within cervical region measuring 6 x 6 x 5 cm showing flow on Doppler images." To which the radiologist wrote this might represent a hematoma, abscess, endometriosis or trauma and further described that this was very unusual position for a fibroid given the patient's age and findings. Dr. Tabone mentioned in his report that the patient was in need of a colposcopy, being a suggestion of cervical cancer; there was no follow-up by the defendants.

16. Defendants Conner and VA Medical Center as of November 22, 2010 had varying reports from the CT Scan and the ultrasound; there was no follow-up by the defendants to confirm either report.

17. On November 26, 2010, the radiologist's report indicated that there was a large mass in the cervix; there was no follow-up with an examination of the pelvic area by the defendants.

18. On November 30, 2010, Defendant Conner reported that Decedent Bacos was having the same intense pelvic pain which was continuous and crampy. Defendant Conner further noted that Decedent had been treated with antibiotics. Defendant Conner writes that Decedent was suffering from endometriosis, even though she no history of dysmenorrheal, which

was not confirmed by visualization. Defendant Conner based upon his findings started Decedent Bacos on a one month regiment of anaprox.

19. On January 5, 2011, an MRI of the abdomen and lower pelvis revealed a large lobulated mass in the lower portion of the uterus, which now measured 8 x 7 x 7 cm and was in the cervical portion of the uterus. The radiologist wrote that the mass could be benign versus malignant.

20. On January 24, 2011, Defendant Conner after reviewing the studies suggested that Decedent Bacos had a prolapsed or pedunculated fibroid, even though the ultrasound and the MRI had not shown any pedunculated mass, as the mass was solid.

21. On January 27, 2011, Decedent Bacos was received in the Emergency Room at Defendant VA Medical Center again, now having massive vaginal bleeding. After being unable to contact Defendant Conner, it was determined that Decedent Bacos was no longer bleeding and there was no urinary tract symptoms. Dr. Bashir, the chief of medicine, noted that Decedent Bacos had a history of fibroids; he stated that the decedent should be started on hormonal therapy, iron and pain medications. Thereafter she was sent home and told to follow-up with Defendant Conner.

22. On January 31, 2011, Decedent Bacos was seen again at Defendant VA Medical Center emergency department with same complaints; she was advised that Defendant Conner would be proceeding in the near future with an examination under anesthesia, dilation and curettage, hysteroscopy and resection of fibroid.

23. On February 1, 2011, Decedent Bacos again presented to Defendant VA Medical Center Emergency Department having torrential vaginal bleeding in dire need of resuscitation.

24. On February 1, 2011, Decedent Bacos was admitted to Miami Valley Hospital where she underwent an emergency examination under anesthesia when it was discovered that she had a very large 10 cm mass in the cervix that was not lobulated or pedunculated, but solid. It was subsequently determined that the she had squamous cell carcinoma. The tumor was bulky and had obstructed the ureter and also had developed hydronephrosis.

25. As a result of the biopsies from the February 1, 2011 emergency operative procedure, Decedent Bacos was no longer a candidate for curative surgery because the cancer had spread, which was classified as Stage 2B.

26. Decedent Bacos underwent chemotherapy and radiation treatments, but had metastatic disease which had spread into neoplastic lymph node.

27. During the course of treatment, Decedent Bacos suffered severe pain in her back and right leg had become swollen; it is believed that this was due to the radiation and adenopathy of the groin.

28. In late October 2011, Decedent Bacos was having breathing problems and she had a fluid build-up in her abdomen; she had also developed bowel obstruction.

29. In March 2012, Decedent Bacos had metastatic disease to the extent that it made her a palliative candidate with no hope of survival.

30. On March 12, 2012, Decedent Heather Nicole Bacos died at the age of 27 years, leaving a husband and two young female children.

31. As a direct and proximate result of the negligence of the Defendants, Heather Nicole Bacos died on March 12, 2012.

32. Plaintiff, Melson Bacos, as Administrator of the Estate of Heather Nicole Bacos, deceased, brings this action for the injuries, pain, and suffering experienced by Heather Nicole

Bacos, prior to her death and for the benefit of her estate. Further, Heather Nicole Bacos was deprived of the pleasures of being alive and experiencing life.

WHEREFORE, Plaintiff demands judgment against the Defendants jointly and severally for an amount that will fully, fairly, and completely compensate the Plaintiff pursuant to the laws of the United States and the State of Ohio, for the costs incurred herein, and for prejudgment interest according to law.

## SECOND COUNT

33. For the Second Count, Plaintiff incorporates by reference all of the allegations contained in paragraphs 1 through 32 on the First Count of the Complaint.

34. Heather Nicole Bacos died at the age of twenty-six (26) years on March 12, 2012 as a result of the negligent care and treatment rendered to her by the Defendants.

35. Heather Nicole Bacos was survived by Melson Bacos, A,B and J.B. (minor children), all of whom are beneficiaries of this action.

36. Heather Nicole Bacos' beneficiaries suffered damages for the loss of her support, companionship, consortium, care, assistance, attention, protection, advice, guidance, counsel, instruction, training, and services. They have also suffered mental anguish because of her death.

37. Further, her beneficiaries have been deprived of the loss of their prospective inheritance.

38. Heather Nicole Bacos was employed at the time of her death and her spouse has suffered damages for loss of support from her earnings.

39. Further, Plaintiff claims for reasonable funeral and burial expenses, which have been incurred.

WHEREFORE, Plaintiff demands judgment against the Defendants jointly and severally in an amount that will fully, fairly, and completely compensate said beneficiaries for the costs of this action herein and for prejudgment interest according to law.

WHEREFORE, Plaintiff prays for judgment against the Defendants jointly and severally in an amount which will fully, fairly, and completely compensate him pursuant to the laws of the United States and the State of Ohio and for the costs in this action herein together with prejudgment interest according to law.

Respectfully Submitted,

F. HARRISON GREEN CO., L.P.A.

/s/ *F. Harrison Green*
F. Harrison Green, Trial Attorney for
Plaintiff Melson Bacos, Administrator of the Estate
of Heather Nicole Bacos
Ohio Supreme Court Reg. #0039234
Executive Park, Suite 230
4015 Executive Park Drive
Cincinnati, Ohio 45241
Tel. (513) 769-0840
Fax (513) 563-2953
Email: fhgreen@fuse.net

## JURY DEMAND

The Plaintiff hereby respectfully requests that this matter be tried by a jury of his peers.

/s/ *F. Harrison Green*
F. Harrison Green

## **VERIFICATION**

State of Wisconsin
County of Milwaukee , SS:

    I, Melson J. Bacos, have read the above statements and believe them to be true to the best of my knowledge.

*[signature]*
MELSON J. BACOS

    Before me a Notary Public in and for said State personally appeared Melson J. Bacos and did sign and swear to the foregoing statements on this the 16th day of September, 2014.

*[signature]*
Notary Public    LAURA J PAAP
exp 8/8/17

## CERTIFICATE OF MERIT

Fred J. Duboe, M.D., first being duly sworn, states the following to be true:

1. I submit this Affidavit of Merit

2. I am licensed to practice medicine by the State Board of Medicine in the State of Illinois.

3. I devote at least one-half of my professional time to the active clinical practice in my field of licensure, or to its instruction at an accredited school of medicine.

4. I have reviewed all the medical records reasonably available to Plaintiff concerning the allegations contained in the Complaint.

5. I am familiar with the applicable standard of care in this case.

In my opinion, the standard of care was breached by the defendants and such breach caused injury to Heather Bacos.

_____
Fred J. Duboe, M.D.

State of Illinois }
} ss:
County of _Cook_ }

Sworn to and subscribed in my presence and before me, a Notary Public, this the _14th_ day of September, 2014.

_____
Notary Public

```
OFFICIAL SEAL
CATHLEEN A SACOMANO
NOTARY PUBLIC - STATE OF ILLINOIS
MY COMMISSION EXPIRES:06/05/17
```

**EXHIBIT A**