UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION AT DAYTON

**MELSON BACOS, Administrator of**
**the Estate of Heather Nicole Bacos, et al.,**

   Case No. 3:14-cv-311

  **Plaintiffs,**

   Judge Thomas M. Rose

**-v-**

**GARY J. CONNER, M.D., et al.,**

  **Defendants.**

_____

**ENTRY AND ORDER SUBSTITUTING THE UNITED STATES AS A PARTY DEFENDANT; DISMISSING DRS. CONNER AND RAY; DISMISSING BACOS' COMPLAINT WITH PREJUDICE AND TERMINATING THIS CASE.**
_____

  Now before the Court is Defendants' Motion To: (1) Substitute the United States as a Party Defendant for the Two Individual Defendants; and (2) Dismiss All Causes of Action Against All Defendants pursuant to Fed. R. Civ. P. 12(b)(1) and 12(b)(6). (Doc. #11.) This Motion is now fully briefed and ripe for decision.

  The Plaintiffs in this matter are Melson Bacos as the Administrator of the Estate of Heather Nicole Bacos and Melson Bacos as an individual and on behalf of the minor children (collectively "Bacos"). The named Defendants are the United States of America, Gary J. Conner, M.D. ("Dr. Conner") and Anindita Ray, M.D. ("Dr. Ray"). The operative Complaint is the Second Amended Complaint filed on October 23, 2014. (Doc. #6) The Second Amended Complaint asserts two (2) counts for relief. The First Count is against the Defendants for wrongful death. The Second Count is against the Defendants for loss of consortium and other damages.

In their Motion, the Defendants seek to substitute the United States as the party defendant for the two individual Defendants, Drs. Conner and Ray. The Defendants also seek dismissal of Bacos' Complaint against Drs. Conner and Ray pursuant to Fed. R. Civ. P. 12(b)(1) and dismissal of Bacos' Complaint pursuant to Fed. R. Civ. P. 12(b)(6). Bacos opposes dismissal.

## RELEVANT FACTUAL BACKGROUND

The relevant facts are taken, as they must be in this instance, from the Second Amended Complaint. Further, this matter is considered a "speaking motion," so the Court will consider other factual evidence.

During October and early November of 2010, Heather Bacos consulted with Dr. Conner of the Department of Veterans Affairs (the "VA") Medical Center at Dayton, Ohio (the "VA Medical Center") regarding low abdominal pain and was treated for pelvic inflammatory disease ("PID"). (Sec. Am. Compl. ¶ 10.) On November 12, 2010, Heather Bacos again saw Dr. Conner with complaints of low back pain and was treated with pain medication. (Id. ¶ 11.)

On November 13, 2010, Dr. Conner referred Heather Bacos to a surgeon who found pain in the suprapubic region which was treated with no improvement indicated. (Id. ¶ 13.) The surgeon also found cervical motion tenderness and referred Heather Bacos for a gynecology follow-up. (Id.)

On November 19, 2010, Heather Bacos was seen by Dr. Ray at the VA Medical Center. (Id. ¶ 14.) At this time, Heather Bacos complained of shooting pains in the lower abdomen. (Id.) Dr. Ray's diagnosis continued to be PID, which, according to Bacos, was contrary to Heather Bacos' physical signs. (Id.) The diagnosis at this time also included an intrapelvic abscess. (Id.)

An ultrasound on November 22, 2010, revealed a "[l]arge solid mass within the cervical

region measuring 6 x 6 x 5 cm showing flow on Doppler images." (Id. ¶ 15.) The resulting report indicates that the large solid mass might represent a hematoma, abscess, endometriosis or trauma and further indicates that the large solid mass was in a very unusual position for a fibroid given the patient's age and findings. (Id.) Finally, the report indicated that Heather Bacos needed a colposcopy. (Id.) There was no follow up by Dr. Conner or Dr. Ray to confirm the CT scan or ultrasound reports or the radiologist's report from November 26, 2010. (Id. ¶¶ 16-17.)

On November 30, 2010, Dr. Conner reported that Heather Bacos was having intense pelvic pain which was continuous and crampy. (Id. ¶ 18.) He also reported that Heather Bacos was suffering from endometriosis which was not confirmed by visualization. (Id.) Dr. Conner started Heather Bacos on a one-month regiment of anaprox. (Id.)

On January 5, 2011, an MRI of Heather Bacos's abdomen and lower pelvis revealed a large lobulated mass in the lower portion of the uterus which measured 8 x 7 x 7 cm and was in the cervical portion of the uterus. (Id. ¶ 19.) The radiologist wrote that the mass could be benign versus malignant. (Id.) On January 24, 2011, Dr. Conner, after reviewing the studies, "suggested" that Heather Bacos had a prolapsed or pedunculated fibroid. (Id. ¶ 20.) \

On January 27, 2011, Heather Bacos reported to the emergency room at the VA Medical Center with massive vaginal bleeding. (Id. ¶ 21.) After being unable to contact Dr. Conner, it was determined that Heather Bacos was no longer bleeding and there was no urinary tract symptoms. (Id.) Dr. Bashir, the Chief of Medicine, noted that Heather Bacos had a history of fibroids, and determined that Heather Bacos should be started on hormonal therapy, iron and pain medications. (Id.) Heather Bacos was then sent home and told to follow-up with Dr. Conner. (Id.)

On January 31, 2011, Heather Bacos was seen again at the VA Medical Center emergency department with the same complaints. (Id. ¶ 22.) Heather Bacos was then advised that Dr. Conner would be proceeding in the near future with an examination under anesthesia, dilation and curettage, hysteroscopy and resection of fibroid. (Id.)

On February 1, 2011, Heather Bacos again presented to the VA Medical Center Emergency Department with "torrential vaginal bleeding in dire need of resuscitation." (Id. ¶ 23.) That same day, Heather Bacos was admitted to the Miami Valley Hospital where she underwent an emergency examination under anesthesia when a 10 cm mass in the cervix that was not lobulated or pedunculated was found and was subsequently determined to be a squamous cell carcinoma. (Id. ¶ 24.) Subsequently, it was determined that Heather Bacos was no longer a candidate for curative surgery. (Id. 25.)

Heather Bacos then underwent chemotherapy and radiation treatments. (Id. ¶ 26.) During the course of this treatment, Heather Bacos suffered severe pain in her back and right leg had become swollen. (Id. ¶ 27.) Finally, on March 12, 2012 Heather Bacos died at the age of 26 years, leaving a husband and two young female children. (Id. ¶ 30.)

Melson Bacos filed an administrative Federal Tort Claims Act ("FTCA") claim dated September 2, 2013, with the U.S. Department of Veterans Affairs (the "VA"). (Declaration of Mark Romaneski ¶ 5 Sept. 29, 2014.) This claim was against the VA for medical malpractice. (Id. ¶ 6.)

The VA mailed its Final Agency Decision denying Melson Bacos's administrative claim to Melson Bacos's counsel on March 5, 2014 by certified mail. (Id. ¶¶ 7, 9, 10.) The denial letter informed Melson Bacos's counsel that the VA denied Melson Bacos's claim based upon the

opinions of VA medical experts. (Id. Attachment 1.) The denial letter, among other things, explained the claimant's right to seek administrative and judicial review of the denial. (Id.) Specifically, the denial letter indicates in part,

> In the alternative, if your client is dissatisfied with the final denial of the claim, you may file suit directly under the Federal Tort Claims Act (FTCA), 28 U.S.C. §§ 1346(b) and 2671-2680. The FTCA provides that when an agency denies an administrative tort claim, the claimant may seek judicial relief in a Federal district court. The claimant must initiate the suit within six months of the mailing of this notice (28 U.S.C. § 2401(b)).

(Id.) The VA denial letter was delivered to Melson Bacos's attorney on March 10, 2014. (Id. ¶ 10.) Melson Bacos filed this lawsuit on September 19, 2014. (Doc. #1.)

## STANDARD OF REVIEW

The Defendants have sought dismissal pursuant to Fed. R. Civ. P. 12(b)(1) and (6). Also, two (2) other legal provisions are relevant here.

### Rule 12(b)(1)

Rule 12(b)(1) motions to dismiss based upon subject matter jurisdiction generally fall into one of two categories: facial attack or factual attack. *Ohio National Life Insurance Co. v. United States*, 922 F.2d 320, 325 (6th Cir. 1990). A facial attack questions the sufficiency of the pleading. *Id.* In reviewing a facial attack, a trial court takes the allegations in the complaint as true. In reviewing a factual attack, no presumptive truthfulness applies. *Id.*

A factual attack on subject matter jurisdiction has been commonly termed a "speaking motion." *Id.* (citing C. Wright & A. Miller, *Federal Practice and Procedure* § 1364, at 662-64 (West 1969)). When the facts regarding subject matter jurisdiction create a factual controversy, the court must weigh the conflicting evidence to determine whether subject matter jurisdiction exists. *Id.* In reviewing these "speaking motions," the court may allow affidavits, documents, and

a limited evidentiary hearing to resolve the disputed facts. *Id.* Because the issue in a factual attack is the trial court's jurisdiction, the trial court is free to weigh the evidence and satisfy itself as to the existence of its power to hear the case. *Mortensen v. First Federal Savings and Loan Ass'n.*, 549 F.2d 884, 890 (3d Cir. 1977), quoted in *RMI Titanium Co. v. Westinghouse Elec. Corp.*, 78 F. 3d 1125 (6th Cir. 1996); *Rogers v. Stratton Industries, Inc.*, 798 F. 2d 913 (6th Cir. 1986). In this case, the Defendants have made a factual attack alleging a lack of jurisdiction.

Regarding proof of a Rule 12(b)(1) motion, the party asserting jurisdiction has the burden. *Thomson v. Gaskill*, 315 U.S. 442, 62 S. Ct. 673, 86 L. Ed. 951 (1942); *Moir v. Greater Cleveland Regional Transit Authority*, 895 F. 2d 266 (6th Cir. 1990); 5A Wright and Miller, *Federal Practice and Procedure, Civil 2d*, §1350 (1990). The party asserting jurisdiction must prove jurisdiction by a preponderance of the evidence. *Wright v. United States*, 82 F.3d 419, 1996 WL 172119 (6th Cir. 1996).

## **Rule 12(b)(6)**

Pursuant to Rule 12(b)(6), a complaint may be dismissed for failure to state a claim upon which relief may be granted. To avoid dismissal pursuant to Rule 12(b)(6), a complaint "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)(quoting *Bell Atlantic Corporation v. Twombly*, 550 U.S. 544, 570 (2007)). The plausibility standard is not like a probability requirement. *Id.* The plausibility standard seeks more than a possibility that a defendant has acted unlawfully. *Id.* Where a complaint does not permit a court to infer more than the mere possibility of misconduct, the complaint has not shown that the complainant is entitled to relief. *Id.* at 679.

When considering a 12 (b)(6) motion, all well-pleaded material allegations of the pleadings of the opposing party are taken as true. *Fritz v. Charter Township of Comstock*, 592 F.3d 718, 722 (6th Cir. 2010). Also, the well-pleaded material allegations are construed in a light most favorable to the opposing party. *Gunasekera v. Irwin*, 551 F.3d 461, 466 (6th Cir. 2009). However, legal conclusions are not accepted as true nor are recitations of the elements of a cause of action. *Fritz*, 592 F.3d at 722. The motion is granted only if the moving party is nevertheless clearly entitled to judgment as a matter of law. *Id.*

## **Sovereign Immunity**

The United States, as a sovereign, is immune from a lawsuit unless the United States consents to be sued. *United States v. Sherwood*, 312 U.S. 584, 586-87 (1941). Further, any waiver of the United States' sovereign immunity must be unequivocally expressed in statutory text and will not be implied. *Lane v. Pena*, 518 U.S. 187, 192 (1996). Finally, a waiver of the United States' sovereign immunity is to be strictly construed in terms of scope in favor of the United States. *Id.*

## **Federal Torts Claims Act**

The FTCA, commonly referred to as the "Westfall Act," provides an exclusive remedy against the United States for injury or loss of property, or personal injury or death arising or resulting from the negligent or wrongful act or omission of any Government employee while acting within the scope of his or her office or employment. 28 U.S.C. § 2679(b)(1). The United States shall be liable in the same manner and to the same extent as a private individual under like circumstances. 28 U.S.C. § 2674. Finally, the FTCA contains a limited waiver of soveirgn immunity and a provision for exclusive jurisdiction to the federal district courts. *United States v.*

*Orleans*, 425 U.S. 807, 813 (1976).

The FTCA establishes a procedure whereby State court cases are removed to a federal district court. 28 U.S.C. § 2679(d)(2). The FTCA also has a statute of limitations. 28 U.S.C. § 2401(b). Relevant here is the provision that a tort claim against the United States is forever barred unless action is begun within six (6) months after the date of mailing, by certified or registered mail, of notice of final denial of the claim by the agency to which it was presented. Id. Finally, the Sixth Circuit has held that the 6-month statute of limitations in the FTCA is a jurisdictional requirement. *Garrett v. United States*, 640 F.2d 24, 26 (6th Cir. 1981).

## ANALYSIS

Several issues are raised by the Defendants' Motion. Each will be addressed seriatim.

### Sovereign Immunity

Generally, the United States is immune from suit. The lawsuit here involves personal injury or death arising or resulting from the negligent or wrongful act or omission of a government employee while acting within the scope of his or her office or employment. Therefore, this lawsuit involves a claim brought pursuant to the FTCA, and the FTCA provides a limited waiver of the United States' sovereign immunity for this lawsuit. No current Party to this lawsuit argues otherwise.

While agreeing that this lawsuit falls under the FTCA, Bacos argues that Drs. Conner and Ray are not entitled to sovereign immunity because they have allegedly acted in a reckless manner, and Ohio law precludes a grant of immunity where employees of a political subdivision act in a reckless manner. The Defendants respond that the Ohio law cited by Bacos does not apply to this case.

The Supreme Court has held that the FTCA requires a court to look to the state law liability only of private entities and not to that of public entities when assessing the government's liability under the FTCA. *United States v. Olson*, 546 U.S. 43, 44 (2005). Drs. Conner and Ray are employees of a public entity. Therefore, the Court is not to look at state law when assessing the government's liability. Thus, while the FTCA, not state law, may waive sovereign immunity for Drs. Conner and Ray, the FTCA is referred to when determining if Drs. Conner and Ray are entitled to sovereign immunity or if Drs. Conner and Ray should be parties to this lawsuit..

## Substitution of Parties

The Defendants seek to substitute the United States as a Defendant for named Defendants Drs. Conner and Ray. Although arguing that Ohio law precludes a grant of immunity to Drs. Conner and Ray, Bacos does not argue that the United States should not be substituted for Drs. Conner and Ray.

The FTCA establishes a procedure whereby State court cases are removed to a federal district court. 28 U.S.C. § 2679(d)(2). This same provision also provides for the substitution of the United States as the party defendant after the case is located in a federal court. Id. This removal and substitution requires the Attorney General to certify that the defendant employee was acting within the scope of his or her employment at the time of the alleged incident out of which the claim arose. Id. Finally, United States Attorneys are authorized to make the certifications provided for in 28 U.S.C. § 2679(d)(2); 28 C.F.R. § 15.3.

In this case, the United States Attorney's Certification of Scope of Employment provided by the Defendants certifies that Drs. Conner and Ray were acting within the scope of their

employment at the times of the alleged incident out of which Bacos's claims against them arose.

Therefore, in accordance with the FTCA, the United States is substituted as a party Defendant for Drs. Conner and Ray. Drs. Conner and Ray are dismissed from this action.

### Statute of Limitations

The Defendants argue that this matter should be dismissed because it was not filed within the applicable statute of limitations. Bacos responds that the statute of limitations in this case should be equitably tolled.

The FTCA, which applies to this case, provides that a tort claim against the United States must be filed within six (6) months after the date of mailing of the notice of final denial of the tort claim by the federal agency. *Ellison v. United States*, 531 F.3d 359, 363 (6th Cir. 2008). In this case, the VA mailed its denial letter to Bacos' counsel on March 5, 2014. This letter was delivered on March 10, 2014. Bacos' initial Complaint was filed in this Court on September 19, 2010.

Whether the Court considers when the denial letter was mailed or when it was delivered, the FTCA six-month statute of limitations had run before the initial Complaint had been filed. Therefore, this Court lacks jurisdiction to adjudicate Bacos' FTCA claim unless equitable tolling applies.

### Equitable Tolling

Bacos argues that the doctrine of equitable tolling applies and the FTCA six-month statute of limitations should be equitably tolled in this case. The Defendants respond that the doctrine of equitable tolling does not apply to the FTCA six-month statute of limitations, and, if it did, equitable tolling should not be granted.

In 1994, the Sixth Circuit determined that suits against the government are subject to equitable tolling. *Glarner v. United States Department of Veterans Administration*, 30 F.3d 697, 701 (6th Cir. 1994). Since then, other panels of the Sixth Circuit have determined that the FTCA six-month statute of limitations is a jurisdictional requirement and failure to comply warrants dismissal on the merits. *Humphrey v. United States Attorney General's Office*, 279 F. App'x 328, 332 (2008); *Blakely v. United States*, 276 F.3d 853, 865 (6th Cir. 2002); *Brockett v. Parks*, 48 F. App'x 539, 541 (6th Cir. 2002). Finally, the issue of whether the FTCA six-month statute of limitations is subject to equitable tolling is presently before the Supreme Court. See *United States v. Wong*, SCOTUS Case No. 13-1074; *United States v. June*, SCOTUS Case No. 13-1075. Thus, the issue of whether equitable tolling applies to the FTCA six-month statute of limitations is, at best, legally unclear. However, this Court need not decide whether equitable tolling applies, because, if it did, Bacos would not be entitled to equitable tolling.

"Federal courts have typically extended equitable relief only sparingly." *Irwin v. Department of Veterans Affairs,* 498 U.S. 89, 96 (1990). The Sixth Circuit has identified five (5) factors that the Court should consider when deciding whether equitable tolling can be used to toll a statute of limitations: "(1) lack of notice of the filing requirement; (2) lack of constructive knowledge of the filing requirement; (3) diligence in pursuing one's rights; (4) absence of prejudice to the defendant; and (5) the plaintiff's reasonableness in remaining ignorant of the particular legal requirement." *Graham-Humphreys v. Memphis Brooks Museum of Art, Inc.*, 209 F.3d 552, 561 (6th Cir. 2000).

Bacos argues that the "slight" delay between the expiration of the statute of limitations and the deadline for filing the Complaint in Federal court was due to a lack of constructive

knowledge of the filing requirements. Specifically, "[p]laintiff was informed by a representative from the United States of America, being legal counsel that had previously undertaken representation in the Federal Tort Claim demand, that the United States of America was to be the sole defendant.… Plaintiff was advised after initial filing of the Complaint by the Clerk of Court for the Southern District of Ohio, Western Division at Dayton, Ohio, that the Complaint was to include the individual names of the defendant doctors."

Bacos' reason is unavailing for at least three (3) reasons. First, and most important, the denial letter that Bacos' counsel received from the VA clearly stated that Bacos must initiate suit within six months of the mailing of the denial letter. Bacos had notice of the filing requirement.

Second, it is not clear from the reason given whether the "representative from the United States of America" represented Bacos or the United States. Irregardless, the indication that the United States of America was to be the only defendant appears to have been correct and is not good reason for equitable tolling.

Third, Bacos should rely upon his counsel instead of what may have been said by a representative of the Clerk's Office that is not permitted to provide legal advice as to whom should be sued. Also, this alleged advice was given after the Complaint was filed which, because of the timing, is not relevant to a determination of whether the statute of limitations at issue here had run.

### Summary

The FTCA provides a waiver of the United States' sovereign immunity for Bacos' claims. Further, pursuant to the FTCA, the United States is substituted as a party Defendant for Drs. Conner and Ray. Drs. Conner and Ray are dismissed from this action. Finally, this Court lacks

jurisdiction to adjudicate Bacos' FTCA claim due to the running of the FTCA statute of limitations and Bacos is not entitled to equitable tolling.

Defendants' Motion To: (1) Substitute the United States as a Party Defendant for the Two Individual Defendants; and (2) Dismiss All Causes of Action Against All Defendants is GRANTED. Bacos' Complaint is dismissed with prejudice because it was not filed within the FTCA statute of limitations and equitable tolling is not warranted. Finally, the captioned cause is hereby ordered terminated upon the docket records of the United States District Court for the Southern District of Ohio, Western Division, at Dayton.

**DONE** and **ORDERED** in Dayton, Ohio this Eleventh Day of February, 2015.

**s/Thomas M. Rose**
_____
THOMAS M. ROSE
UNITED STATES DISTRICT JUDGE

Copies furnished to:

Counsel of Record