UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION AT DAYTON

MELSON BACOS, Administrator of
the Estate of Heather Nicole Bacos, et al.,

      Plaintiffs,

v.

UNITED STATES OF AMERICA,

      Defendant.

Case No. 3:14-cv-00311

Judge Thomas M. Rose

___

**ORDER DENYING PLAINTIFFS' MOTION FOR RECONSIDERATION
(DOC. 16)**
___

  Before the Court is Plaintiffs' Motion for Reconsideration (Doc. 16) of the Court's Order (Doc. 14) dismissing Plaintiffs' Second Amended Complaint with prejudice. For the reasons stated below, Plaintiffs' Motion for Reconsideration is denied.

**I. BACKGROUND**

  Plaintiffs are Melson Bacos, as Administrator of the Estate of Heather Nicole Bacos, and Melson Bacos, as an individual and on behalf of minor children, A.B. and J.B. (Doc. 6 ¶ 3.) Defendant is the United States of America ("United States"). (Docs. 6, 14.) Plaintiffs assert claims against the United States under the Federal Tort Claims Act ("FTCA"), 28 U.S.C. § 2671, *et seq.*, for wrongful death, loss of consortium, and other damages allegedly caused by medical treatment that Ms. Bacos received from two physicians at the Department of Veteran Affairs ("VA") Medical Center in Dayton, Ohio. (Doc. 6 ¶¶ 1, 8, 32, 36.)

  On September 2, 2013, Plaintiffs filed an FTCA claim with the VA claiming $3,850,000 in damages for personal injury and wrongful death of Ms. Bacos. (Doc. 16 at 2.) On March 5,

1

2014, the VA mailed its final Agency decision denying Plaintiffs' administrative claim.  (*Id.*) Under 28 U.S.C. § 2401(b), Plaintiffs had six months from the denial of their administrative claim, until September 5, 2014, to bring an action on their claims.

On September 19, 2014, Plaintiffs filed their initial Complaint in this Court.  (Doc. 1.)  On October 2, 2014, Plaintiffs filed an Amended Complaint (Doc. 2) and, on October 23, 2014, Plaintiffs filed a Second Amended Complaint (Doc. 6).  The Second Amended Complaint named as Defendants the United States and the two physicians at the VA Medical Center who treated Ms. Bacos.  (Doc. 6.)

On December 19, 2014, Defendants moved to substitute the United States for the two physicians named as Defendants (leaving the United States as the only Defendant) and dismiss all causes of action pursuant to Fed. R. Civ. P. 12(b)(1) and (6) for lack of subject-matter jurisdiction and failure to state a claim upon which relief can be granted.  (Doc. 11.)  The United States argued that the Second Amended Complaint should be dismissed with prejudice because Plaintiffs failed to file this action within the FTCA's statute of limitations, 28 U.S.C. § 2401(b).  (*Id.*)  In response, Plaintiffs did not dispute that the initial Complaint was filed outside the limitations period.  (Doc. 12.)  Instead, they argued that the FTCA's statute of limitations should be equitably tolled in this case.  (*Id.*)  On February 11, 2015, the Court granted the United States' motion in its entirety; substituted the United States for the two physicians named as Defendants; and dismissed the Second Amended Complaint with prejudice.  (Doc. 14.)  On February 11, 2015, the Clerk entered judgment terminating this action.  (Doc. 15.)

On March 13, 2015, Plaintiffs filed a Motion for Reconsideration (Doc. 16) of the Court's Order dismissing the Second Amended Complaint with prejudice.  In the Motion, Plaintiffs raise for the first time the fact that, on March 12, 2014, they filed a complaint asserting the same claims

2

against the United States as alleged in this action, in the Montgomery County, Ohio Court of Common Pleas.  (*Id.* at 2.)  On March 20, 2014, Plaintiffs voluntarily dismissed that complaint without prejudice, however, after conferring with the United States Attorney regarding re-filing or removing the case to federal court.  (*Id.* at 3.)  Plaintiffs argue that the Complaint in this action should relate back to the state court complaint, thereby bringing this action within the FTCA's statute of limitations period, as a matter of law.  (*Id.*)  Plaintiffs do not argue in their Motion for Reconsideration that the statute of limitations should be equitably tolled, which was their sole argument in opposition to the United States' motion to dismiss.  (Doc. 12.)

On April 2, 2015, the United States filed an opposition to the Motion for Reconsideration. (Doc. 17.)  Plaintiffs have not filed a reply to the United States' opposition, and the time to file a reply has expired.  The Motion for Reconsideration is therefore ripe for consideration.

## II.     LEGAL STANDARD

Plaintiffs' Motion for Reconsideration is properly considered a motion to alter or amend a judgment pursuant to Fed. R. Civ. P. 59(e).  *Smith v. Hudson*, 600 F.2d 60, 62 (6th Cir. 1979). Motions to amend a judgment may be granted "if there is a clear error of law, newly discovered evidence, an intervening change in controlling law, or to prevent manifest injustice."  *GenCorp, Inc. v. Am. Int'l Underwriters*, 178 F.3d 804, 834 (6th Cir. 1999).  A Rule 59(e) motion is not "an opportunity to re-argue a case" (*Sault Ste. Marie Tribe of Chippewa Indians v. Engler*, 146 F.3d 367, 374 (6th Cir. 1998)) or "to raise issues that could have been raised in the previous motion." *Evanston Ins. Co. v. Cogswell Properties, LLC*, 683 F.3d 684, 692 (6th Cir. 2012).   The decision to grant or deny a motion for reconsideration is within the Court's discretion.  *Huff v. Metro. Life Ins. Co.*, 675 F.2d 119, 122 (6th Cir. 1982).

**III. ANALYSIS**

Plaintiffs' only argument in their Motion for Reconsideration is that the Court committed an error of law "in considering the Plaintiffs' re-filed Complaint in this Court on September 19, 2014 as the initial Complaint" for purposes of determining whether Plaintiffs brought this action within the FTCA's six-month limitations period under 28 U.S.C. § 2401(b). (Doc. 16 at 5.) Plaintiffs do not dispute that the applicable statute-of-limitations period ran from March 5, 2014, until September 5, 2014, or that they filed their Complaint in this Court after the statute of limitations had expired. (Id. at 7.) Rather, Plaintiffs argue that the Complaint filed in this Court should relate back to a complaint that they filed in state court within the statute-of-limitations period, on March 12, 2014, but later voluntarily dismissed without prejudice. (Id.) The only issue raised by the Motion for Reconsideration, therefore, is whether the Complaint that Plaintiffs filed in this Court relates back to the complaint that they filed in state court as a matter of law.

The United States makes three arguments in opposition to the Motion for Reconsideration. (Doc. 17.) First, the United States argues that the Motion for Reconsideration is untimely under Rule 59(e) because it was not filed within 28 days of the judgment dismissing the Second Amended Complaint. (Id. at 1-2.) Second, the United States argues that Plaintiffs are not permitted to raise a new argument in their Motion for Reconsideration that they failed to assert in their opposition to the United States' motion to dismiss the Second Amended Complaint. (Id. at 2.) Third, the United States argues that the Complaint filed in this Court does not relate back to the complaint filed in state court because Plaintiffs voluntarily dismissed the state court complaint without prejudice, instead of removing it to federal court. (Id. at 4.)

**A. Plaintiffs' Motion for Reconsideration Was Timely Filed**

The United States' argument that the Motion for Reconsideration is untimely does not have

4

merit. Under Rule 59(e), a "motion to alter or amend a judgment must be filed no later than 28 days after the entry of judgment." Pursuant to Fed. R. Civ. P. 6(d), this period is extended by three days because the notice of judgment was served electronically as set forth in Fed. R. Civ. P. 5(b)(2)(E). In addition, if the last day for filing falls on a weekend or legal holiday, the time for filing is extended to the first accessible day that is not a Saturday, Sunday, or legal holiday. Fed. R. Civ. P. 6(a)(3)(A). Judgment was entered in this case on February 11, 2015. (Doc. 15.) Applying the above rules, the deadline for Plaintiffs to bring a Rule 59(e) motion was March 16, 2015. Plaintiffs' Motion for Reconsideration therefore was timely filed on March 13, 2015.

### B. Plaintiffs' Failure To Raise Their Previously-Filed State Court Complaint In Opposition To The United States' Motion To Dismiss

By Plaintiffs' own admission, "a motion for reconsideration may not be used to raise issues that could have been raised in the previous motion." (Doc. 16 at 4, quoting *Evanston Ins. Co. v. Cogswell Properties, LLC*, 683 F.3d 684, 692 (6th Cir. 2012) (internal quotations omitted).) As a result, "[a]rguments raised for the first time in a motion for reconsideration are untimely and forfeited on appeal." *Evanston*, 683 F.3d at 692. This rule is "'one of prudence,' however, and not jurisdictional." *Official Comm. of Unsecured Creditors of Color Tile, Inc. v. Coopers & Lybrand, LLP*, 322 F.3d 147, 159 (2d Cir. 2003) (quoting *Baker v. Dorfman*, 239 F.3d 415, 420 (2d Cir.2000)). The Sixth Circuit therefore retains broad discretion to consider issues that are not timely raised, and is more likely to do so when necessary "to avoid manifest injustice" or where the issue is "purely legal and there is no need for additional factfinding." *Id.*

The United States is correct that, in response to its motion to dismiss, Plaintiffs failed to argue that their Complaint should relate back to their previously-filed state court complaint. Indeed, Plaintiffs did not even bring to the Court's attention the fact that they had previously filed

5

a complaint asserting the same claims in state court. The Court need not decide whether Plaintiffs waived the argument in their Motion for Reconsideration, however, because it fails on the merits, as discussed below.

### C. Plaintiffs' Complaint Does Not Relate Back To Their Previously-Filed State Court Complaint For Purposes Of The Statute Of Limitations

Plaintiffs argue that, for purposes of applying the statute of limitations, the untimely filed Complaint in this Court should relate back to the complaint that they filed in state court. (Doc. 16 at 8-10.) The Sixth Circuit has consistently held, however, that a statute of limitations is not tolled during the pendency of an action voluntarily dismissed without prejudice. *Wilson v. Grumman Ohio Corp.*, 815 F.2d 26, 27 (6th Cir. 1987); *Bomer v. Ritcoff*, 304 F.2d 427, 428-29 (6th Cir. 1962); *see also Holland v. United States*, No. 3:11-cv-387, 2012 WL 4442755 at *27 (S.D. Ohio Sept. 25, 2012). Moreover, "[a]n action dismissed without prejudice leaves the situation the same as if the suit had never been brought." *Bomer*, 304 F.2d at 428. Thus, the statute of limitations for Plaintiffs' claims ran uninterrupted from March 5, 2014 to September 5, 2014, despite the filing of their state court complaint. Moreover, Plaintiffs' Complaint in this Court cannot relate back to the state court complaint because the state court complaint is treated as if it "had never been brought." *Id.*

The cases relied upon by Plaintiffs are inapposite. (Doc. 16 at 6 (citing *McGowan v. Williams*, 623 F.2d 1239, 1240 (7th Cir. 1980)); Doc. 16 at 8 (citing *Miller v. American Heavy Lift Shipping*, 231 F.3d 242, 247 (6th Cir. Ohio 2000); *Lovelace v. O'Hara*, 985 F.2d 847, 849-50 (6th Cir. 1993); and *Asher v. Unarco Material Handling, Inc.*, 596 F.3d 313, 318 (6th Cir. 2010)).) In *McGowan*, the plaintiffs initially filed suit under the FTCA in state court, but, unlike here, the U.S. Attorney General removed the case from state court to federal court. 623 F.2d at 1240. Thus,

the plaintiffs' federal action in *McGowan* was, for purposes of the statute of limitations, the same action that was initiated in state court. Accordingly, the Seventh Circuit explicitly held that an action brought "within the time limitation of 28 U.S.C. § 2401(b) is timely for purposes of the Federal Tort Claims Act ***when the action is removed to federal court*** pursuant to Section 2679." *McGowan*, 623 F.2d at 1244 (emphasis added). Nor do any of the other cases cited by Plaintiffs involve the issue presented here. Instead, those cases involve the question of whether an amended complaint asserting new claims relates back to an original complaint under Fed. R. Civ. P. 15(c), where both the amended complaint and original complaint were filed in the same federal action. *See Miller*, 231 F.3d at 247-48; *Lovelace*, 985 F.2d at 849-50; *Asher*, 596 F.3d at 318-19. Plaintiffs also appear to argue that relation back should be permitted under Fed. R. Civ. P. 15(c), but Rule 15 does not address the relationship between federal complaints and complaints previously filed in a separate action in state court.

In sum, the Court did not commit any error of law in its Order (Doc. 14) granting the United States' motion to dismiss the Second Amended Complaint with prejudice. Accordingly, Plaintiffs' Motion for Reconsideration of that Order is denied.

### IV. <u>CONCLUSION</u>

Plaintiffs' Motion for Reconsideration (Doc. 16) is DENIED.

**DONE** and **ORDERED** in Dayton, Ohio, this Monday, May 11, 2015.

s/Thomas M. Rose

_____
THOMAS M. ROSE
UNITED STATES DISTRICT JUDGE